NOT FOR PUBLICATION                    [Docket Entry No. 13]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____ :
                                :
ALBERT R. LACKMAN,              :
                                :
          Plaintiff,            :    Civil No. 06-2016 (RMB)
                                :
     v.                         :    **OPINION**
                                :
RECOVERY SERVICES OF NEW        :
NEW JERSEY, INC., et al.,       :
                                :
          Defendants.           :
_____ :


APPEARANCES:

Andrew M. Moskowitz, Esquire
Deutsch Atkins, P.C.
25 Main Street, Suite 104
Hackensack, New Jersey 07601
          Attorney for Plaintiff Albert R. Lackman

Robert M. Smolen, Esquire
Swartz, Campbell LLC
1300 Route 73
Bloom Court, Suite 101
Mount Laurel, New Jersey 08054
          Attorney for Defendant Patricia L. Borelli

**BUMB**, United States District Judge:

     THIS MATTER comes before the Court upon a motion to dismiss

the Complaint pursuant to Federal Rule Civil Procedure 12(b)(1)

and 12(b)(6) filed by Defendants Patricia Borelli and Borelli

Investigations.  For the reasons set forth below, Defendants'

motion will be granted in part and denied in part.

I.  <u>Background</u>

Defendant Recovery Services of New Jersey, Inc., doing business as the Lighthouse at Mays Landing ("Lighthouse"), is a residential drug and alcohol treatment facility located in Mays Landing, New Jersey.  Plaintiff Albert R. Lackman was the Director of Educational Services at Lighthouse until he was terminated on November 30, 2005.

In or about August 2005, due to problems he was experiencing with insomnia, depression and anxiety, Plaintiff requested permission to take a leave of absence.  (Complaint at ¶ 7.) Plaintiff alleges that his request for leave was denied, and a few weeks later Lighthouse gave Plaintiff an unduly negative and unfair performance evaluation.  (Compl. at ¶ 9.)

The Lighthouse subsequently permitted Plaintiff to take a thirty-day medical leave commencing on September 4, 2005. (Compl. at ¶ 11.)  Plaintiff and his health care provider completed a written form wherein Plaintiff stated that he was unable to perform "work of any kind."  (<u>See</u> Ex. B to Def. Brief; Compl. at ¶ 12.)  Lighthouse also allowed Plaintiff to extend that leave twice for thirty days, once at the end of September and again at the end of October 2005.  (<u>See</u> Compl. at ¶¶ 11 and 13.)

While Plaintiff was out on leave granted by Lighthouse,

Lighthouse began to suspect that, despite Plaintiff's certification that he could not work, Plaintiff was working as a real estate agent.  Plaintiff contends that Lighthouse knew he worked as a part-time real estate agent.  Lighthouse decide to confirm that Plaintiff was working, and therefore hired a private investigator, Defendant Patricia Borelli of Borelli Investigations.  (Compl. at ¶ 26; Def. Brief at 3-4.)

Defendant Borelli arranged to observe whether Plaintiff could work.  On October 23, 2005, she called Ocean City Realty, where Plaintiff was supposedly working, and asked for the Plaintiff.  She was given his cell phone number and left a message.  (Compl. at ¶ 26.)  Plaintiff returned the message and gave several property descriptions to Defendant Borrelli, who in turn informed Plaintiff that she wanted to look at three properties.  On October 14, 2005, Defendant Borelli met with Plaintiff and, under the pretense that she was interested in purchasing real estate, looked at five condominium properties. (See Complaint at ¶¶ 27-28.)  Thereafter, Defendant Borelli prepared a report for Lighthouse in which she stated that Plaintiff "appeared to be healthy, upbeat and an enthusiastic salesman."

On November 30, 2005, Plaintiff returned to work at the Lighthouse.  On that date, he met with Linda Canale, Lighthouse's Director of Human Resources, and Peter Pacinelli, Lighthouse's

3

Chief Financial Officer.  During this meeting, Canale and/or Pacinelli accused Plaintiff of "actively" working as a real estate agent during his medical leave.  (See Complaint at ¶¶ 16-17.)  On that date, Lighthouse terminated Plaintiff's employment. (Id.)  On January 1, 2006, Plaintiff's dental and prescription medication coverage was terminated.  (Compl. at ¶ 31.)

## II. The Complaint

The Complaint contains a total of six Counts, two against Lighthouse (Counts One and Two) and four against Defendants Borelli and Borelli Investigations (Counts Three through Six). Count One alleges a violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.; Count Two alleges a claim based on a violation of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 42 U.S.C. §§ 300bb-5(a); 300bb-2(3).

The four remaining Counts against Defendants Borelli and Borelli Investigations allege solely state law claims.  Count Three alleges that Defendants tortiously interfered with Plaintiff's economic advantage; Count Four alleges that Defendant Borelli engaged in fraud; Count Five alleges that Defendant Borelli defamed Plaintiff; and Count Six alleges that Defendant Borelli committed negligent misrepresentation.  These state law claims against Defendants Borelli and Borelli Investigations stem from the Lighthouse's hiring of Defendant Borelli, as discussed

4

above.  See Compl. at ¶ 26.

III. Analysis

Defendants Borelli and Borelli Investigations argue, initially, that this Court should decline to exercise supplemental jurisdiction over Defendant Borelli's state law claims pursuant to 28 U.S.C. § 1367(b).  Additionally, Defendants argue that Plaintiff's state law claims should be dismissed pursuant to Federal Rule Civil Procedure 12(b)(6) for failure to state a claim.  Finally, Defendants argue that discovery should be stayed pending the resolution of these motions.

Section 1367(a) of Title 28 of United States Code, provides that, subject to stated exceptions:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Section 1367(c) provides that the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> 4) in exceptional circumstances, where there are other compelling reasons for declining jurisdiction.

5

Section 1367(a)'s grant of "supplemental jurisdiction" was intended to broaden the pre-existing scope of what had previously been termed "pendent" jurisdiction.  <u>Borough of West Mifflin v. Lancaster</u>, 45 F.3d 780, 788 (3d Cir. 1995).  Section 1367(c), on the other hand, was intended to simply codify pre-existing pendent jurisdiction law concerning those instances in which a district court is authorized to decline to hear a state claim. <u>Id</u>.

In relevant part, the "substantially predominates" standard found in section 1367(c)(2) comes directly from the Supreme Court's opinion in <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715 (1966).  The Supreme Court in <u>Gibbs</u> explained the doctrine of pendent jurisdiction as follows:

> It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.  Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them.  (citation omitted) Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties by procuring for them a surer-footed reading of applicable law. . . .
> [R]ecognition of a federal court's wide latitude to decide ancillary questions of state law does not imply that it must tolerate a litigant's effort to impose upon it what is in effect only a state law case.  Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed.

<u>Gibbs</u>, 383 U.S. at 726-27 (internal citations and footnotes

omitted).

In short, section 1367(c)(2) "was fashioned as a limited exception to the operation of the doctrine of pendent jurisdiction--a doctrine that seeks to promote judicial economy, convenience, and fairness to litigants by litigating in one case all claims that arise out of the same nucleus of operative facts." West Mifflin, 45 F.3d at 789. Section 1367(c)(2)'s authority "should be invoked only where there is an important countervailing interest to be served by relegating state claims to the state court. This will normally be the case only where . . . permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog." Id.

The issue for this Court to decide is whether the state claims alleged here can be said to "substantially predominate" over the FMLA and COBRA claims. While it is true that the state claims in this case outnumber the federal claims, the number of claims in the Complaint is not controlling under the "substantially predominate" standard. Id. Rather, the question is whether or not the state law claims appear from the Court's point of view to "substantially predominate" over the distinct federal issues.

A close reading of the Complaint reveals that the state law issues substantially predominate, both in terms of proof and

scope of the issues raised.  Plaintiff alleges two federal claims, only one of which marginally touches on the alleged conduct of Defendant Borelli.  First, Plaintiff alleges in Count One a violation of the FMLA.  Plaintiff alleges that Defendant Lighthouse retaliated against him for requesting medical leave initially.  This conduct, however, predates any alleged involvement on the part of Defendants Borelli and Borelli Investigations.  In addition, Plaintiff alleges that he was given an unduly negative performance evaluation.  This evaluation also predates any alleged involvement by Defendants Borelli and Borelli Investigations.  Additionally, Plaintiff alleges that the Defendant violated COBRA by failing to give him 60 days to elect continuation of his health coverage.  These allegations do not involve any set of facts involving Defendants Borelli and Borelli Investigations.

Thus, much of the evidence the Plaintiff would seek to introduce supporting his state claims would not be relevant to the federal claims, that is, whether the Lighthouse violated the FMLA or COBRA, but concerns solely the question of whether or not Defendant Borelli, acting as a private investigator, violated several state laws.[1]  This is not a case where the same acts

---

[1]     Plaintiff asserts that Defendant Borelli may be called as a witness in the federal case against Lighthouse.  While that may be true, the jury will not be saddled with evidence concerning the state law claims.

alleged violate parallel federal and state laws or where the common nucleus of operative facts is obvious.  See Lyon v. Whisman, 45 F.3d 758, 761 (3d Cir. 1995).  Quite to the contrary, the state law claims go well beyond the FMLA and COBRA claims.

Of course, this Court recognizes that pendent jurisdiction is more appropriate where there is the possibility of duplicating the recovery of damages.  See Sparks v. Hershey, 661 F.2d 30 (3d Cir. 1981).  That is not a problem in this case because Plaintiff seeks separate recovery from Lighthouse and Defendants Borelli and Borelli Investigations for different causes of action.

In short, a reading of the Complaint reveals that this is the unusual case where the Plaintiff is attempting to impose upon this Court what is in effect a state law case against Defendants Borelli and Borelli Investigations.  Permitting litigation of these claims would allow a "federal tail to wag a state dog." The state law claims of defamation, tortious interference with economic advantage, and fraud, involve issues of state law interpretation and application and are not straightforward negligence claims based on the same facts as the FMLA and COBRA claims.  Cf. West Mifflin, 45 F.3d at 790 ("we believe it will be the rare case, at least, where the addition of straightforward negligence claims based on the same facts as the constitutional claims will cause the state issues to substantially predominate.") Allowing these separate state claims to proceed

9

will not be fair to the parties: Defendants Borelli and Borelli Investigations will be forced to defend themselves in a federal employment lawsuit; Defendant Lighthouse's federal employment dispute with Plaintiff will become something more than that.  For this Court to exercise supplemental jurisdiction, then, would run contrary to principles of judicial economy, convenience and fairness.  Id.  In short, this Court finds that the state issues will substantially predominate within the meaning of Section 1367(c)(2).

IV.   Conclusion

     For the reasons set forth above,

     **THIS COURT WILL DECLINE** jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(c)(2) and, because this Court has declined to exercise supplemental jurisdiction over the state law claims, the Court will **GRANT** Defendants' motion to dismiss on these grounds.  Defendants' remaining motions will **DENIED** as moot.  An Order will accompany this Opinion.


Dated: November 29, 2006          s/Renée Marie Bumb
                                  RENÉE MARIE BUMB
                                  United States District Judge